**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

XIN LIN LIU,
INS # A97-134-310,

    Petitioner,

vs.                                        Case Number 4:06cv271-MP/WCS

ALBERTO GONZALES,
JOHN BULGER,
DAVID VENTURELLA, and
DEPARTMENT OF
HOMELAND SECURITY

    Respondents.

                                       /

**REPORT AND RECOMMENDATION**

Petitioner, proceeding *pro se,* initiated this action on June 5, 2006, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Service was directed and Respondents have filed an Answer to the petition.  Doc. 6.  This report and recommendation is entered without awaiting a reply from Petitioner.

The Answer to the § 2241 petition states that counsel has made "numerous attempts to acquire the information necessary from the Bureau of Immigration and Customs Enforcement to file a proper response, but have received no information to

date." Doc. 9, at 1. Respondents, accordingly "take no position on this matter and urge" the Court to "impose whatever relief it deems appropriate and necessary." *Id.*

Petitioner asserts that as of June, 2006, when the petition was filed, he had been held in detention by the Respondents for nearly ten months. Doc. 1.[1] Petitioner states that because his native county of China has not issued travel documents for him, Respondents will likely be unable to remove Petitioner in the reasonably foreseeable future. *Id.* Thus, Petitioner seeks release from his continued detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Id.*

In Zadvydas, the United States Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and was asked to decide whether the statute authorized indefinite detention of a removable alien.[2] The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. The Court interpreted the statute to avoid constitutional threat by concluding that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by

---

[1] Petitioner was taken into immigration custody on August 29, 2005. Doc. 1, p. 3.

[2] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). However, the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). During the "removal period" an alien must be detained. 8 U.S.C. § 1231(a)(2). After the removal period, the government may detain the alien or release him subject to conditions of release. 8 U.S.C. § 1231(a)(6).

Case Number 4:06cv271-MP/WCS

statute." *Id.,* at 699, 121 S.Ct. at 2503. For the sake of uniform administration by the federal courts, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.

In Clark v. Martinez, *supra*, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens.[3] The Court concluded that there was no reason why the period of time reasonably necessary to effect removal would be longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. Thus, it held that the 6-month presumptive detention period prescribed in Zadvydas should be applicable. *Id.* The combination of opinions from Clark and Zadvydas controls this case: an alien cannot be detained indefinitely and when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained

---

[3] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6), *quoted in* Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005).

beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").

<u>Zadvydas</u> established a burden-shifting analysis to review these claims. After the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The Court also noted:

> And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*, at 701, 121 S.Ct. at 2505.

Here, Petitioner has made the *prima facie* showing by alleging that he has been detained more than six months, that he has not hindered his removal, that the Government has been unable to remove him, and the Government will be unable to do so in the reasonably foreseeable future.

Respondents have not met their burden under <u>Zadvydas</u> to rebut Petitioner's *prima facie* case. The critical evidence, that is, efforts made by Respondents to effect Petitioner's removal and the relationship of the United States with the country to which Petitioner will be removed, is in the hands of Respondents and has not been provided. Respondents have not come forward with any evidence that there is a significant

likelihood of Petitioner's removal in the reasonably foreseeable future.  Petitioner's period of post-removal detention is now approaching one year and Petitioner should be released.  *See* Zadvydas, 533 U.S. at 690 and 699-700, 121 S.Ct. at 2499 and 2504 (concluding that "[w]here removal is not foreseeable, then continued detention is unreasonable, is not authorized by statute, and is not constitutionally permissible.").

The statute governing release provides that if an alien "is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3).  Such regulations are to require the alien to: "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."  8 U.S.C. § 1231(a)(3).[4]  Respondents should release Petitioner from custody under such terms and conditions deemed necessary pursuant to § 1231(a)(3).

The parties have the usual fifteen days in which to submit objections to this report and recommendation.  This period for objections shall also provide a final

---

[4] Inadmissible or criminal aliens must be subject to terms of supervision.  8 U.S.C. § 1231(a)(6).  Petitioner acknowledges he is a criminal, having been convicted of an "aggravated felony."  Doc. 1, p. 4.

Case Number 4:06cv271-MP/WCS

opportunity for Respondents to submit evidence and argument concerning the merits of the petition.

Accordingly, it is **RECOMMENDED** that the petition for a writ of habeas corpus, doc. 1, filed by Xin Lin Liu pursuant to 28 U.S.C. § 2241, be **GRANTED** and that the court **ORDER** that Petitioner be immediately released upon conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**