IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

XIN LIN LIU,
INS # A97-134-310,

    Petitioner,

v.                                  CASE NO. 4:06-cv-00271-MP-WCS

ALBERTO GONZALES,
JOHN BULGER,
DAVID VENTURELLA, and
DEPARTMENT OF
HOMELAND SECURITY,

    Respondents.
_____/

**O R D E R**

This matter is before the Court on Doc. 11, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Liu's petition for writ of habeas corpus be granted.  The Magistrate Judge filed the Report and Recommendation on Thursday, August 10, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), the Court must make a *de novo* review of those portions to which an objection has been made.  In this instance, however, no objections were made.

Petitioner Liu filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention by Respondents while awaiting removal from the United States.  When an alien is ordered removed from the United States, the Government has a 90-day "removal period" to remove the alien, during which the alien must be detained.  8 U.S.C. § 1231.

The Supreme Court of the United States in <u>Zadvydas v. Davis</u> held that continued detention of an alien beyond the 90-day removal period was constitutional, but specifically stated that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  533 U.S. 678, 689 (2001).  Continued detention of an alien pending removal beyond the removal period is unauthorized once removal is no longer reasonably foreseeable.  In <u>Zadvydas</u>, the Court established, as necessary for the process of removal, a six-month period during which detention was presumptively reasonable.  After this six-month period, an alien is eligible for conditional release by demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future."  <u>Id</u>. at 701.

The Court agrees with the Magistrate that Petitioner Liu has made a prima facie case that his continued detention is no longer authorized under <u>Zadvydas</u>.  Here, Petitioner has been in Respondents' custody since August 29, 2005.  Petitioner states that because his native county of China has not issued travel documents for him, Respondents will likely be unable to remove Petitioner in the reasonably foreseeable future.  Doc. 1 at 10.  Further, Respondents admit that all efforts to obtain these documents have been unsuccessful.  Thus, Petitioner has established a prima facie showing of unauthorized detention: he has been detained more than six months, he has not hindered his removal, and the Government has been unable to remove him and will be unable to do so in the reasonably foreseeable future.

A prima facie showing by an alien that there is no significant likelihood of removal in the reasonably foreseeable future shifts the burden to the Government to rebut this showing.  <u>Zadvydas</u>, 533 U.S. at 701.  The Respondents have presented no evidence to rebut these

allegations, and in fact state that because numerous attempts to acquire this information from the Chinese Bureau of Immigration and Customs Enforcement have been unsuccessful, they take no position on this matter. Doc. 9 at 1. Therefore, the Court agrees with the Magistrate that because there is no significant likelihood of the removal of Petitioner Liu in the foreseeable future, his continued detention is no longer authorized.

The presumptively reasonable period of detention under 8 U.S.C. § 1231(a)(6) has passed, and the Respondents have failed to rebut the Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, continued detention of Petitioner is unauthorized. However, because Petitioner admits to being a convicted criminal, his release must be subject to supervision pursuant to 8 U.S.C. § 1231(a)(3). Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. Petitioner Xin Lin Liu's petition for a writ of habeas corpus, Doc. 1, filed pursuant to 28 U.S.C. § 2241, is GRANTED.

2. Respondents are ordered to release Petitioner from custody under such terms and conditions deemed necessary to keep Respondents advised of Petitioner's whereabouts pending his removal and in compliance with the requirements of 8 U.S.C. § 1231(a)(3).

**DONE AND ORDERED** this  _12th_ day of September, 2006

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge